ELECTRONICALLY FILED - 2021 Apr 01 12:24 PM - GEORGETOWN - COMMON PLEAS - CASE#2021CP2200230

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF GEORGETOWN<br><br>MARLEY PADDOCK<br><br>               Plaintiff,<br><br>v.<br><br>ALIMENTATION COUCHE-TARD<br>(US) INC. (D/B/A CIRCLE K STORES,<br>INC.)<br><br>               Defendant. | IN THE COURT OF COMMON PLEAS<br>FOR THE FIFTEENTH JUDICAL<br>CIRCUIT<br>CASE NO.: 2021-CP-22-_____<br><br><br>SUMMONS |

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer upon the subscribers, at their offices at 118 Goose Creek Blvd., South, P.O. Box 1028, Goose Creek, South Carolina, 29445 within thirty (30) days after the service thereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid judgment by default will be rendered against you for the relief demanded in the Complaint.

                                      By:  *s/Michael Jordan*
                                            MICHAEL J. JORDAN, ESQ.
                                            ANNIE E. ANDREWS, ESQ.
                                            Attorneys for Plaintiff
                                            **THE STEINBERG LAW FIRM LLP**
                                            118 Goose Creek Blvd., South
                                            P.O. Box 1028
                                            Goose Creek, South Carolina 29445
                                            (843) 572-0700

Goose Creek, South Carolina
April 1, 2021

ELECTRONICALLY FILED - 2021 Apr 01 12:24 PM - GEORGETOWN - COMMON PLEAS - CASE#2021CP2200230

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF GEORGETOWN<br><br>MARLEY PADDOCK<br><br>Plaintiff,<br><br>v.<br><br>ALIMENTATION COUCHE-TARD (US) INC. (D/B/A CIRCLE K STORES, INC.)<br><br>Defendant. | IN THE COURT OF COMMON PLEAS FOR THE FIFTEENTH JUDICAL CIRCUIT<br>CASE NO.: 2021-CP-22-_____<br><br><br><br>COMPLAINT |

TO THE ABOVE-NAMED DEFENDANT:

The Plaintiff, MARLEY PADDOCK, by and through her undersigned attorney, alleges in her Complaint against the Defendant, ALIMENTATION COUCHE-TARD (US) INC. (D/B/A CIRCLE K STORES, INC.) and would respectfully show unto this Honorable Court:

**FIRST:** The Plaintiff (hereinafter "Paddock") is a citizen and resident of the State of South Carolina, County of Charleston.

**SECOND:** Upon information and belief, the Defendant, ALIMENTATION COUCHE-TARD (US) INC. (D/B/A CIRCLE K STORES, INC.) (hereinafter "Circle K") is a corporation organized under the laws of Delaware; said Defendant is authorized to and conducts business in the State of South Carolina, County of Georgetown.

**THIRD:** This Honorable Court has jurisdiction over the parties and subject matter herein as all events giving rise to the causes of action occurred in Georgetown County, and venue is proper in the Georgetown County Court of Common Pleas.

**FOURTH:** On or about December 8, 2018, Paddock was a patron and business invitee of Circle K store #3491 located at 49 Blackgum Road in Georgetown County, South Carolina.

**FIFTH:** On or about December 8, 2018, while in Circle K, in Georgetown County, South Carolina, Paddock attempted to prepare a cup of hot tea using one of the Circle K containers at the coffee station. Paddock thought the container was filled with hot water, though unbeknownst to Paddock, it was filled with a clear toxic chemical.

**SIXTH:** On the aforementioned date and immediately after ingesting her drink, Paddock immediately became ill; a myriad of health complications ensued.

## FOR A FIRST CAUSE OF ACTION
### VIOLATION OF THE SOUTH CAROLINA FOOD AND COSMETICS ACT
### S.C. CODE ANN. § 39-25-10 through § 39-25-200

**SEVENTH:** Paddock realleges and incorporates paragraphs 1-6 contained herein as if fully repeated and set forth verbatim herein.

**EIGHTH:** Circle K sold a liquid to Paddock that was misbranded, adulterated, contaminated and/or poisonous and the liquid was rendered injurious to Paddock's health in violation of S.C. Code Ann § 39-25-30, as amended, the South Carolina Food and Cosmetics Act.

**NINTH:** The clear liquid at the coffee station was a "consumer commodity" as those terms are defined in S.C. Code Ann § 39-25-20, as amended.

**TENTH:** The liquid sold by the Defendant to Paddock was distributed in commerce by the Defendant in violation of S.C. Code Ann § 39-25-30, the South Carolina Food and Cosmetics Act.

ELECTRONICALLY FILED - 2021 Apr 01 12:24 PM - GEORGETOWN - COMMON PLEAS - CASE#2021CP2200230

**ELEVENTH**: Defendant sold food that was unwholesome and unfit for human consumption.

**TWELFTH**: As a direct and proximate result of the aforesaid wrongful conduct on the part of the Defendant, Paddock consumed and ingested an unknown foreign or injurious contamination which caused immediate illness.

### FOR A SECOND CAUSE OF ACTION
### NEGLIGENCE/NEGLIGENCE PER SE

**THIRTEENTH**: Plaintiff realleges and incorporates paragraphs 1-12 and the First Cause of Action as if fully repeated and set forth verbatim herein.

**FOURTEENTH**: Defendant had a duty to sell consumer commodities fit for human consumption.

**FIFTEENTH**: Defendant had a duty to comply with all statutory and regulatory provisions, including but not limited to, the South Carolina Food and Cosmetics Act, which bans the manufacture, sale or delivery, holding or offering for sale any food that is misbranded, adulterated, contaminated and/or poisonous.

**SIXTEENTH**: Defendant breached its duty in at least one of the following particulars:

    a.    By selling and offering for sale consumer commodities unfit for human consumption.

    b.    By sending in commerce food that is misbranded, adulterated, contaminated and/or poisonous.

    c.    By failing to maintain the premises in a condition that was safe for the use of its invitees including Paddock;

    d.    By creating a dangerous condition when it intentionally placed a pot containing clear toxic chemicals alongside other pots containing clear liquids meant for human consumption;

ELECTRONICALLY FILED - 2021 Apr 01 12:24 PM - GEORGETOWN - COMMON PLEAS - CASE#2021CP2200230

e. By failing to properly inspect the premises to discover and eliminate unreasonable risks in the area that Defendant knew its invitees, including Paddock, would be using;

f. By failing to train and supervise its employees, agents, servants, personnel, staff or maintenance personnel on how and where to store toxic chemicals;

g. By failing to warn Paddock that the aforementioned pot contained toxic chemicals;

h. By causing additional harm to Paddock by failing to timely inform Paddock and her medical team of the name of the toxic chemical Circle K exposed her to, which complicated Paddock's treatment;

i. By failing to exercise the degree of care and caution which a reasonably prudent operator of a convenience store would have exercised under the same or similar circumstances; and

j. By any other acts of negligence, carelessness or recklessness that may be determined by a jury in the trial of this case.

**SEVENTEENTH:** As a direct and proximate result of one or more of the aforesaid acts of negligence, carelessness, or recklessness of the Defendant, their agents, servants or employees, the Plaintiff sustained the following injuries and damages:

a. Injury to the skin and scaring from chemical exposure, necessitating fractional laser treatments;

b. Injuries about various parts of her face and body including eye irritation, sores in her mouth and ulcerations on her skin;

c. Reoccurring flare ups of the aforementioned symptoms to her face and other parts of her body;

d. Has incurred, and will incur medical bills in the future;

e. Is informed and believes she has suffered a permanent impairment due to the injuries she sustained;

ELECTRONICALLY FILED - 2021 Apr 01 12:24 PM - GEORGETOWN - COMMON PLEAS - CASE#2021CP2200230

  f. Has experienced in the past, and will experience in the future, pain and discomfort; and

  g. Has been limited from performing the daily living activities, which she performed and enjoyed performing before the injuries.

**EIGHTEENTH**: Defendant's violation of the applicable laws, statutes, ordinances, codes, rules and regulations constitutes negligence *per se*.

**NINETEENTH**: Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant, ALIMENTATION COUCHE-TARD (US) INC. (D/B/A CIRCLE K STORES, INC.) for such amount of actual and punitive damages exceeding the sum of Ten Thousand ($10,000.00) Dollars as to be determined by the Trier of Fact; for the costs of this action; and for such other and further relief as may be just and proper.

        By: *s/Michael Jordan*
          MICHAEL J. JORDAN, ESQ.
          ANNIE E. ANDREWS, ESQ.
          Attorneys for Plaintiff
          **THE STEINBERG LAW FIRM LLP**
          118 Goose Creek Blvd., South
          P.O. Box 1028
          Goose Creek, South Carolina 29445
          (843) 572-0700

Goose Creek, South Carolina
April 1, 2021